IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HERITAGE FOUNDATION,** *et al.*,

*Plaintiffs,*

v.

**U.S. DEPARTMENT OF JUSTICE**,

*Defendant.*

Case No. 1:24-cv-00952-ACR

**REQUEST FOR A PRE-MOTION CONFERENCE**

Defendant, the United States Department of Justice, pursuant to the Court's Minute Order, June 17, 2024, respectfully requests that the Court schedule a pre-motion conference.

This case under Freedom of Information Act ("FOIA") concerns two law enforcement records: the written transcripts of Special Counsel Robert Hur's two interviews of Mark Zwonitzer, an author and biographer for President Biden. These records were created as part of Special Counsel Hur's investigation into the possible unauthorized removal and retention of classified documents at various locations associated with President Biden. As part of the investigation, Zwonitzer voluntarily agreed to sit for two interviews with the Special Counsel's Office ("SCO"), and SCO made both audio recordings and transcripts of the two interviews.

At the end of the investigation, and pursuant to the Department's special counsel regulation, Mr. Hur submitted a confidential report to Attorney General Garland explaining his prosecution and declination decisions. The Report conveyed both Mr. Hur's conclusion that "no criminal charges are warranted,"[1] Hur Report, at 1, and extensive discussion of the investigation and the bases for the decisions he reached, *see generally id.* The Department produced a copy of the Hur Report to Congress and placed it on the Department's public-facing website without any further redactions or modifications. The Department also produced to Congress and released to the public

---

[1] The Hur Report is available at: *https://www.justice.gov/sco-hur*.

1

redacted copies of the transcripts of both President Biden's and Mr. Zwonitzer's interviews with SCO.

In this FOIA lawsuit, Plaintiffs have requested the transcripts of Mr. Zwonitzer's two voluntary interviews with SCO, *see* ECF No. 1, ¶ 17, and the Department produced redacted copies on June 12, 2024. The Department has withheld portions of the transcripts as exempt from disclosure under FOIA Exemptions 3, 5, 6, 7(C), 7(E), and 7(F).[2] After discussions with Plaintiffs, the Department understands that Plaintiffs do not intend to challenge withholdings under Exemptions 3, 7(E), and 7(F). Since no genuine dispute exists to any material fact, the Department intends to move for summary judgment pursuant to Federal Rules of Civil Procedure 56.

In its summary judgment briefing, the Department anticipates it will present the following arguments. First, the Department properly withheld portions of the transcripts under Exemption 5, which "incorporates the privileges available to Government agencies in civil litigation," *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021), including "qualified" privileges that otherwise could be overcome in civil litigation by a showing of need, *FTC v. Grolier, Inc.*, 462 U.S. 19, 27 (1983). Here, portions of the transcripts are exempt under Exemption 5 as protected attorney work product.[3] "The work-product doctrine protects materials 'prepared in anticipation of litigation or for trial by or for another party or its representative.'" *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 926 F. Supp. 2d 121, 137 (D.D.C. 2013). The transcripts meet this standard because they memorialize a witness interview, carried out during a criminal investigation, that was constructed and thought out by prosecutors. *See, e.g.*, *Martin v. Off. of Special Couns., MSPB*, 819 F.2d 1181, 1183, 1187 (D.C. Cir. 1987) (holding that "eleven signed

---

[2] The Department determined that the entirety of the two transcripts could be withheld under Exemptions 5 and 7(C), but nevertheless released portions of the two transcripts on a discretionary basis.

[3] Exemptions 5, 6, and 7(C), all have threshold requirements: Exemption 5 requires that the records be "inter-agency or intra-agency memorandums or letters," *id.* § 552(b)(5); Exemption 6 requires that the records be "personnel and medical files and similar files," *id.* § 552(b)(6); and Exemption 7(C) requires that the records be "compiled for law enforcement purposes," *id.* § 552(b)(7). The Department intends to argue that the interview transcripts meet these threshold requirements.

witness statements" "fall within the work-product privilege"); *In re HealthSouth Corp. Sec. Litig.*, 250 F.R.D. 8, 12 (D.D.C. 2008) (finding that "nearly verbatim transcripts of the FBI's questions and [a witness's] answers" were "primarily fact work product" and otherwise opinion work product); *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425 (D.D.C. 2014) ("[C]ourts in this district have held substantially verbatim witness statements contained in interview memoranda . . . to be 'fact' rather than 'opinion' work-product.").

Second, the Department properly withheld portions of the transcript under Exemptions 6 and 7(C) because those portions' disclosure would be an unwarranted invasion of Mr. Zwonitzer's personal privacy. These exemptions require the agency to balance the individual's privacy rights against the public interest in disclosure. *See Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). Here, Mr. Zwonitzer's individual privacy rights are at their zenith: individuals investigated but not charged with a crime have a "distinct privacy interest in the contents of the investigative files." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1092 (D.C. Cir. 2014) (*CREW*) (emphasis removed). In fact, "'where individuals have been investigated but not charged with a crime,' disclosure of material properly exempt under Exemption 7(C) 'represents a severe intrusion on the privacy interests of the individual[] in question.'" *Judicial Watch v. National Archives and Records Administration*, 876 F.3d 346, 349 (D.C. Cir. 2017).

On the other side of the balance, the public interest served by the release of the redacted portions of the transcripts are minimal. The public's interest in the activities of Special Counsel Hur – the "only relevant public interest in the FOIA balancing analysis," *CREW*, 746 F.3d at 1093 (cleaned up) – would not be served by disclosure here. Moreover, the voluminous information already available to the public – Special Counsel Hur's unredacted report; the written transcript of Mr. Hur's interview with President Biden himself; and the unredacted portions of the transcripts of Mr. Zwonitzer's interview – more than adequately meet whatever public interest might be served by release of the redacted portions of these transcripts. Indeed, two binding cases have already applied these principles to affirm the withholding of sensitive, law-enforcement records

concerning an unindicted individuals interviewed as part of a high-profile government investigation. *See Judicial Watch*, 876 F.3d at 350 (withholding draft indictment of Hilary Clinton); *Electronic Privacy Information Center v. U.S. Department of Justice*, 18 F.4th 712, 722 (D.C. Cir. 2021) (withholding passages in the Mueller report that would have revealed "additional facts about individuals that are not disclosed elsewhere and that would be highly stigmatizing").

At bottom, "privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated." *Martin v. Dep't of Just.*, 488 F.3d 446, 457 (D.C. Cir. 2007). Mr. Zwonitzer's privacy interests are not overcome here.[4]

Finally, the Department also intends to argue that disclosure of the transcripts would foreseeably harm the interests protected by the relevant FOIA exemptions, and that the Department met its obligation to segregate exempt information from non-exempt information.

DATED: June 21, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Robert W. Meyer*
ROBERT W. MEYER (NY Bar No. 5942842)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11105

---

[4] Separately, the Department also properly withheld under Exemptions 6 and 7(C) the names and personal details of government agents and of individuals mentioned in Mr. Zwonitzer's testimony. The privacy interests in the "names and addresses of private individuals" in law enforcement files, *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. Cir. 1991), and in the "names and other identifying data" of government employees, *Lesar v. U.S. Dep't of Just.*, 636 F.2d 472, 487 (D.C. Cir. 1980), are significant. Indeed, the "identities of FBI agents [and] third parties mentioned in an investigative context" are "the very withholdings exemption 7(C) is designed to protect." *Coleman v. F.B.I.*, 13 F. Supp. 2d 75, 79 (D.D.C. 1998). And the public interest in the release of these names and details is low – their release would provide little if any additional information about the activities of Special Counsel Hur.

 Washington, D.C. 20005
 Telephone: (202) 305-0872
 Robert.W.Meyer@usdoj.gov
 *Counsel for the Defendant*